IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HEATHER BECK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 24-2434-JWL** |
| ) | |
| **MARTIN J. O'MALLEY,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff, who is represented in this case by Pro Hac Vice counsel and local counsel, filed this action on September 19, 2024, seeking judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  (Doc. 1). Concurrently, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis.  (Doc. 3).

The court found "Plaintiff has not met her burden to show that she and her spouse cannot afford to pay the filing fee in this case," denied her in forma pauperis motion, and ordered her to pay the filing fee no later than October 7, 2024.  (Doc. 7).  On October

10, 2024, the court noted Plaintiff had not paid the filing fee, and issued an Order to Show Cause no later than October 22, 2024, why she had not paid the filing fee and when the fee would be forthcoming. (Doc. 9). In that Order to Show Cause the court explained the basis for its determination Plaintiff had not met her burden to demonstrate inability to pay:

> The finding that Plaintiff has not met her burden is based upon her statements [in her Affidavit of Financial Status] that she and/or her spouse own a house and two automobiles with a total value of $417,000.00, and that "he pays the bills," but with no explanation, legal, moral, financial, or otherwise why he should "pay the bills" for him and his spouse but expect the other citizens of the United States to pay the cost incurred for his spouse to pursue a legal action in court which, if successful, will result in costs being reimbursed by the defendant and will inure to his benefit also.

(Doc. 9 pp.1-2). Although not included in the Order to Show Cause, the court notes that Plaintiff provided in her affidavit an explanation why she "cannot pay the costs of these proceedings." (Doc. 3 p.6).

> I am married, but my husband does not share his income. He closed all of our joint bank accounts and opened accounts in his name only. I have no income of my own, and no access to his money. He pays the bills, but I have no money of my own to spend on anything.

Id.

Plaintiff provided no response to the Order to Show Cause, and on October 23, 2024 the court issued another Order to Show cause

> no later than November 8, 2024, why Plaintiff has not paid the filing fee, when, if ever, Plaintiff plans to pay the fee, and why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules for failure to prosecute this case and for failure to obey the orders of this court. If pro hac vice counsel does not respond to this Order

> to Show Cause by November 8, 2024, local counsel shall respond no later than November 12, 2024 detailing the efforts he has made to ensure the court's orders are followed and showing cause why the case should not be dismissed in accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules, for failure to prosecute this case and for failure to obey the order of this court.

(Doc. 10 p.2)

On November 4, 2024, Plaintiff submitted the first filing since the court denied her in forma pauperis motion—a "Status Report" from counsel stating, "This status report is to inform the court that the Plaintiff is unable to pay the $402 court filing fee. Under our retainer agreement our office does not advance costs and expenses and we are unable to do so in this case." As required, the filing was signed by both local and pro hac vice counsel. (Doc. 11 p.1).

A Status Report merely stating the original premise—that Plaintiff cannot pay the filing fee—certainly does not explain why Plaintiff cannot pay the filing fee and does not detail the efforts taken to ensure the court's orders are obeyed. When the court denied Plaintiff's motion because she had not met her burden to show an inability to pay, the court expected counsel to get with Plaintiff, discuss why she could not pay the filing fee despite an affidavit documenting $417,000.00 in assets, and to seek the court's reconsideration while providing clarifying facts in a supplemental, amended, or new affidavit. Lacking such information, the court issued an Order to Show Cause which begged the question of an "explanation, legal, moral, financial, or otherwise why [Plaintiff's spouse] should 'pay the bills' for him and his spouse but expect the other

3

citizens of the United States to pay the cost incurred for his spouse to pursue a legal action in court." (Doc. 9, pp.1-2). Counsel did not respond.

The court decided to give counsel another opportunity and provided another Order to Show Cause addressed to both local and pro hac vice counsel to investigate and to advocate to secure payment of the filing fee or explain why Plaintiff's spouse should not be required to pay the filing fee in this case. On its face, Plaintiff's affidavit suggests two possibilities equally believable. Plaintiff's spouse may be financially abusing her, or the spouses together may have agreed to a scheme to defraud the public. There may be another explanation of which the court is unaware. But counsel have apparently decided to wash their hands of the matter and merely reassert Plaintiff's inability to pay the fee. If there is an arguably legitimate reason Plaintiff and her spouse should not be required to pay, the court has anticipated that her counsel as advocates, would advocate. If Plaintiff's spouse is merely being obstinate, the court has broad subpoena powers which might be explored in this case, and the court expects counsel as advocates, to advocate. If Plaintiff and her spouse have agreed in a scheme to defraud, the court reminds counsel they are officers of the court and should reflect on their ethical obligations to their client, to her spouse as a third party, and to the court as officers of the court.

The court believes it is premature to dismiss the case at this time. Therefore, it has determined to allow three weeks for counsel, if appropriate, or Plaintiff, if she desires, to respond to the questions discussed above, and if the filing fee is forthcoming,

to pay the fee. Thereafter, the court will decide the appropriate course to pursue in the case.

**IT IS THEREFORE ORDERED** that the court will allow until December 11, 2024, for counsel, if appropriate, or Plaintiff, if she desires, to respond to the questions discussed above, and if the filing fee is forthcoming, to pay the fee.

This memorandum and order shall be delivered to counsel by the court's CM/ECF system and to Plaintiff via regular mail.

Dated November 18, 2024, at Kansas City, Kansas.

s/ John W. Lungsturm
**John W. Lungstrum**
**United States District Judge**